J. Ryan Mitchell (9362)
Andrew V. Collins (11544)
MITCHELL BARLOW & MANSFIELD, P.C.
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: rmitchell@mbmlawyers.com
          acollins@mbmlawyers.com

*Attorneys for Defendants and Counterclaimants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITY AMERICA RISK RETENTION GROUP, INC., a Vermont corporation,<br><br>      Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ALDER HOLDINGS, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY, LLC, a domestic limited liability company; ALARM PROTECTION TECHNOLOGY ALASKA, LLC, a domestic limited liability company; ALARM PROTECTION ALASKA, LLC, a Utah limited liability company; ALARM PROTECTION, LLC, a Utah Limited Liability Company; ALARM PROTECTION ALABAMA, a Utah Limited Liability Company; ALARM PROTECTION ARKANSAS, LLC, a Utah limited liability company; ALARM PROTECTION CALIFORNIA, LLC, a Utah limited liability company; ALARM PROTECTION FLORIDA, LLC, a Utah limited liability company; ALARM PROTECTION KENTUCKY, LLC, a Utah limited liability company; ALARM PROTECTION | **ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF, COUNTERCLAIM, AND JURY DEMAND**<br><br>***(Jury Trial Demanded)***<br><br>Case No. 2:17-cv-00886-HCN-DAO<br><br>Judge: Howard C. Nielson, Jr<br><br>Magistrate Judge: Daphne A. Oberg |

MISSISSIPPI, LLC, a Utah limited liability
company; ALARM PROTECTION
TENNESSEE, LLC, a Utah limited liability
company; ALARM PROTECTION TEXAS,
LLC, a Utah limited liability company;
ALARM PROTECTION UTAH, LLC, a Utah
limited liability company; ADAM SCHANZ,
an individual; and DOES I- X

           Defendants/Counterclaimants.

---

ALDER HOLDINGS, LLC, a Utah limited
liability company; ALARM PROTECTION
TECHNOLOGY, LLC, a Utah limited liability
company; ALARM PROTECTION
TECHNOLOGY ALASKA, LLC, a Utah
limited liability company; ALARM
PROTECTION ALASKA, LLC, a Utah
limited liability company; ALARM
PROTECTION, LLC, a Utah limited liability
company; ALDER PROTECTION
HOLDINGS, LLC, a Delaware limited liability
company; BOERBOEL PROTECTION, LLC,
a Utah limited liability company; ALARM
PROTECTION TECHNOLOGY HOLDINGS,
LLC, a Utah limited liability company;
ALARM PROTECTION ALABAMA, LLC, a
Utah limited liability company; ALARM
PROTECTION TECHNOLOGY ALABAMA,
LLC, a Utah limited liability company;
ALARM PROTECTION ARIZONA, LLC, a
Utah limited liability company; ALARM
PROTECTION TECHNOLOGY ARIZONA,
LLC, a Utah limited liability company;
ALARM PROTECTION ARKANSAS, LLC,
a Utah limited liability company; ALARM
PROTECTION TECHNOLOGY
ARKANSAS, LLC, a Utah limited liability
company; ALARM PROTECTION
CALIFORNIA, LLC, a Utah limited liability
company; ALARM PROTECTION
TECHNOLOGY CALIFORNIA, LLC, a Utah
limited liability company; ALARM

PROTECTION FLORIDA, LLC, a Utah
limited liability company; ALARM
PROTECTION TECHNOLOGY FLORIDA,
LLC, a Utah limited liability company;
ALARM PROTECTION GEORGIA, LLC, a
Utah limited liability company; ALARM
PROTECTION TECHNOLOGY GEORGIA,
LLC, a Utah limited liability company;
ALARM PROTECTION IDAHO, LLC, a
Utah limited liability company; ALARM
PROTECTION INDIANA, LLC, a Utah
limited liability company; ALARM
PROTECTION KENTUCKY, LLC, a Utah
limited liability company; ALARM
PROTECTION TECHNOLOGY
KENTUCKY, LLC, a Utah limited liability
company; ALARM PROTECTION
MISSISSIPPI, LLC, a Utah limited liability
company; ALARM PROTECTION
TECHNOLOGY MISSISSIPPI, LLC, a Utah
limited liability company; ALARM
PROTECTION NEVADA, LLC, a Utah
limited liability company; ALARM
PROTECTION OKLAHOMA, LLC, a Utah
limited liability company; ALARM
PROTECTION TENNESSEE, LLC, a Utah
limited liability company; ALARM
PROTECTION TECHNOLOGY
TENNESSEE, LLC, a Utah limited liability
company; ALARM PROTECTION TEXAS,
LLC, a Utah limited liability company;
ALARM PROTECTION TECHNOLOGY
TEXAS, LLC, a Utah limited liability
company; ALARM PROTECTION UTAH,
LLC, a Utah limited liability company;
RHODESIAN PROTECTION, LLC, a Utah
limited liability company; and ADAM
SCHANZ, an individual,

      Counterclaimants

v.

| | |
|---|---|
| SECURITY AMERICA RISK RETENTION GROUP, INC., a Vermont corporation; SECURITY AMERICA RISK PURCHASING GROUP, LLC, a Vermont limited liability company; SECURITY AMERICA REASSURANCE GROUP, INC., a Vermont corporation; and ROES 1–10,<br><br>        Counterclaim Defendants. | |

Defendants Alder Holdings, LLC, Alarm Protection Technology, LLC, Alarm Protection Technology Alaska, LLC, Alarm Protection Alaska, LLC, Alarm Protection, LLC, Alarm Protection Alabama, LLC, Alarm Protection Arkansas, LLC, Alarm Protection California, LLC, Alarm Protection Florida, LLC, Alarm Protection Kentucky, LLC, Alarm Protection Mississippi, LLC, Alarm Protection Tennessee, LLC, Alarm Protection Texas, LLC, Alarm Protection Utah, LLC, and Adam Schanz (collectively "Defendants"), by and through their undersigned counsel, hereby submit the following Answer and Affirmative Defenses to Plaintiff Security American Risk Retention Group, Inc.'s (the "Plaintiff") First Amended Complaint for Declaratory Relief (the "Complaint") and Counterclaim against Plaintiff and Counterclaim Defendants Security America Risk Purchasing Group, LLC, Security America Reassurance Group, Inc., and Roes 1–10 (collectively "Counterclaim Defendants"). Defendants hereby provide the following answers to the allegations of the Complaint:

### PARTIES, JURISDICTION, AND VENUE

1.      Answering paragraph 1 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the allegations of paragraph 1 and, therefore, deny those allegations.

2.      Defendants admit that Alder Holdings, LLC is a Utah limited liability company with its principal place of business in Orem, Utah, that it provides services in Salt Lake County, and that all of its members are either domiciled in and citizens of Utah or are corporate entities organized under the laws of the State of Utah with their principal places of business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 2 of the Complaint.

3.      Defendants admit that Alarm Protection Technology, LLC is a Utah limited liability company with its principal place of business in Orem, Utah, that it provides services in Salt Lake County, that all of its members are either domiciled in and citizens of Utah or are corporate entities organized under the laws of the State of Utah with their principal places of business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4.      Defendants admit that Alarm Protection Technology Alaska, LLC is a Utah limited liability company and that all of its members are either domiciled in and citizens of Utah or are corporate entities organized under the laws of the State of Utah with their principal places of business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 4 of the Complaint.

5.      Defendants admit that Alarm Protection Alaska, LLC is a Utah limited liability company and that all of its members are either domiciled in and citizens of Utah or are corporate entities organized under the laws of the State of Utah with their principal places of business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 5 of the Complaint.

6.      Defendants admit that Alarm Protection, LLC is a Utah limited liability company and that all of its members are either domiciled in and citizens of Utah or are corporate entities organized under the laws of the State of Utah with their principal places of business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 6 of the Complaint.

7.      Defendants admit that Alarm Protection Alabama, LLC is a Utah limited liability company and that all of its members are either domiciled in and citizens of Utah or are corporate entities organized under the laws of the State of Utah with their principal places of business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 7 of the Complaint.

8.      Defendants admit that Alarm Protection Arkansas, LLC is a Utah limited liability company and that all of its members are either domiciled in and citizens of Utah or are corporate entities organized under the laws of the State of Utah with their principal places of business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 8 of the Complaint.

9.      Defendants admit that Alarm Protection California, LLC is a Utah limited liability company and that all of its members are either domiciled in and citizens of Utah or are corporate entities organized under the laws of the State of Utah with their principal places of business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 9 of the Complaint.

10.      Defendants admit that Alarm Protection Florida, LLC is a Utah limited liability company and that all of its members are either domiciled in and citizens of Utah or are corporate

entities organized under the laws of the State of Utah with their principal places of business in

Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 10

of the Complaint.

11.     Defendants admit that Alarm Protection Kentucky, LLC is a Utah limited liability

company and that all of its members are either domiciled in and citizens of Utah or are corporate

entities organized under the laws of the State of Utah with their principal places of business in

Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 11

of the Complaint.

12.     Defendants admit that Alarm Protection Mississippi, LLC is a Utah limited

liability company and that all of its members are either domiciled in and citizens of Utah or are

corporate entities organized under the laws of the State of Utah with their principal places of

business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of

paragraph 12 of the Complaint.

13.     Defendants admit that Alarm Protection Tennessee, LLC is a Utah limited

liability company and that all of its members are either domiciled in and citizens of Utah or are

corporate entities organized under the laws of the State of Utah with their principal places of

business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of

paragraph 13 of the Complaint.

14.     Defendants admit that Alarm Protection Texas, LLC is a Utah limited liability

company and that all of its members are either domiciled in and citizens of Utah or are corporate

entities organized under the laws of the State of Utah with their principal places of business in

Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 14 of the Complaint.

15.     Defendants admit that Alarm Protection Utah, LLC is a Utah limited liability company and that all of its members are either domiciled in and citizens of Utah or are corporate entities organized under the laws of the State of Utah with their principal places of business in Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 15 of the Complaint.

16.     Defendants admit that Adam Schanz resides in Utah County and that he is domiciled in, and a citizen of, the State of Utah. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that the entity Defendants are affiliated. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 17 of the Complaint.

18.     Answering paragraph 18 of the Complaint, Alder Holdings, LLC and Alarm Protection Technology, LLC admit that they transact business in Salt Lake County, Utah. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 2201.

20.     Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations in paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is appropriate in this jurisdiction because the entity Defendants are Utah limited liability companies. Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

## GENERAL ALLEGATIONS

22.     Defendants restate their answers to the preceding paragraphs of the Complaint as if fully set forth herein.

23.     Admitted.

24.     Answering paragraph 24 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms.

25.     Answering paragraph 25 of the Complaint, Defendants admit that other insurance policies were issued with coverages dates through 2015 and that the terms of those insurance policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms.

26.     Answering paragraph 26 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms.

27.     Answering paragraph 27 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms. Answering further, Defendants admit that the Insurance Policies contain the language quoted in paragraph 27 of the Complaint.

28.     Answering paragraph 28 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms. Answering further, Defendants admit that the Insurance Policies contain the language quoted in paragraph 28 of the Complaint.

29.     Answering paragraph 29 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms. Answering further, Defendants admit that the Insurance Policies contain the language quoted in paragraph 29 of the Complaint.

30.     Answering paragraph 30 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms. Answering further, Defendants admit that the Insurance Policies contain the Sections II, III, and IV identified in paragraph 30 of the Complaint and that those sections speak for themselves.

31.     Answering paragraph 31 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms. Answering further, Defendants admit that the Insurance Policies contain an amendatory endorsement as alleged in paragraph 31 of the Complaint, which endorsement speaks for itself.

32.     Answering paragraph 32 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms. Answering further, Defendants admit that the Insurance Policies contain the language quoted in paragraph 32 of the Complaint.

33.     Answering paragraph 33 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms. Answering further, Defendants admit that the Insurance Policies contain the language quoted in paragraph 33 of the Complaint.

34.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore deny the allegations contained in paragraph 34 of the Complaint.

35.     Answering paragraph 35 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms. Answering further, Defendants admit that the Insurance Policies contain the language quoted in paragraph 35 of the Complaint.

36.     Answering paragraph 36 of the Complaint, Defendants affirmatively allege that the terms of the Insurance Policies speak for themselves, and Defendants deny any and all allegations inconsistent with such terms. Answering further, Defendants admit that the Insurance Policies contain an amendatory endorsement as alleged in paragraph 36 of the Complaint, which endorsement speaks for itself.

37.     Answering paragraph 37 of the Complaint, Defendants admit only that Vivint, Inc. ("Vivint") filed a lawsuit against certain Defendants in the Fourth Judicial District Court of

Utah County, State of Utah that was later removed to the United States District Court for the District of Utah. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 37 of the Complaint.

38.    Answering paragraph 38 of the Complaint, Defendants admit only that Vivint filed a complaint in the Vivint Litigation, which complaint Vivint amended more than once. Defendants affirmatively allege that Vivint's complaint, as amended, speaks for itself, and Defendants deny any and all allegations inconsistent therewith. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 38 of the Complaint.

39.    Answering paragraph 39 of the Complaint, Defendants admit only that Vivint filed a complaint in the Vivint Litigation, which complaint Vivint amended more than once. Defendants affirmatively allege that Vivint's complaint, as amended, speaks for itself, and Defendants deny any and all allegations inconsistent therewith. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 39 of the Complaint.

40.    Answering paragraph 40 of the Complaint, Defendants admit only that Vivint filed a complaint in the Vivint Litigation, which complaint Vivint amended more than once. Defendants affirmatively allege that Vivint's complaint, as amended, speaks for itself, and Defendants deny any and all allegations inconsistent therewith. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 40 of the Complaint.

41.    Answering paragraph 41 of the Complaint, Defendants admit only that Vivint filed a complaint in the Vivint Litigation, which complaint Vivint amended more than once. Defendants affirmatively allege that Vivint's complaint, as amended, speaks for itself, and

Defendants deny any and all allegations inconsistent therewith. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 41 of the Complaint.

42.     Answering paragraph 42 of the Complaint, Defendants admit only that Vivint filed a complaint in the Vivint Litigation, which complaint Vivint amended more than once. Defendants affirmatively allege that Vivint's complaint, as amended, speaks for itself, and Defendants deny any and all allegations inconsistent therewith. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 42 of the Complaint.

43.     Answering paragraph 43 of the Complaint, Defendants admit only that Vivint filed a complaint in the Vivint Litigation, which complaint Vivint amended more than once. Defendants affirmatively allege that Vivint's complaint, as amended, speaks for itself, and Defendants deny any and all allegations inconsistent therewith. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 43 of the Complaint.

44.     Answering paragraph 44 of the Complaint, Defendants admit only that Vivint filed a complaint in the Vivint Litigation, which complaint Vivint amended more than once. Defendants affirmatively allege that Vivint's complaint, as amended, speaks for itself, and Defendants deny any and all allegations inconsistent therewith. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 44 of the Complaint.

45.     Answering paragraph 45 of the Complaint, Defendants admit only that Plaintiff has paid some, but not all, of the defense fees and costs incurred by the Defendants in the Vivint Litigation and that Plaintiff's defense was provided under a reservation of rights. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 45 of the Complaint.

46. Answering paragraph 46 of the Complaint, Defendants admit only that a settlement was reached in the Vivint Litigation and that Plaintiff refused to pay any funds toward the settlement. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 46 of the Complaint.

47. Admitted.

48. Answering paragraph 48 of the Complaint, Defendants affirmatively allege that the amended complaint in the SAFE Litigation speaks for itself, and Defendants deny any and all allegations inconsistent with such terms. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 48 of the Complaint.

49. Admitted.

50. Answering paragraph 50 of the Complaint, Defendants affirmatively allege that the amended complaint in the SAFE Litigation speaks for itself, and Defendants deny any and all allegations inconsistent with such terms. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 50 of the Complaint.

51. Answering paragraph 51 of the Complaint, Defendants affirmatively allege that the amended complaint in the SAFE Litigation speaks for itself, and Defendants deny any and all allegations inconsistent with such terms. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 51 of the Complaint.

52. Answering paragraph 52 of the Complaint, Defendants affirmatively allege that the amended complaint in the SAFE Litigation speaks for itself, and Defendants deny any and all allegations inconsistent with such terms. Except as expressly admitted, Defendants deny all remaining allegations contained in paragraph 52 of the Complaint.

53.     Admitted.

54.     Answering paragraph 54 of the Complaint, Defendants affirmatively allege that the jury's verdict form speaks for itself, and Defendants deny any and all allegations inconsistent with such terms.

55.     Answering paragraph 55 of the Complaint, Defendants affirmatively allege that the jury's verdict form speaks for itself, and Defendants deny any and all allegations inconsistent with such terms.

56.     Answering paragraph 56 of the Complaint, Defendants affirmatively allege that the jury's verdict form speaks for itself, and Defendants deny any and all allegations inconsistent with such terms.

57.     Answering paragraph 57 of the Complaint, Defendants affirmatively allege that the jury's verdict form speaks for itself, and Defendants deny any and all allegations inconsistent with such terms.

58.     Answering paragraph 58 of the Complaint, Defendants affirmatively allege that the jury's verdict form speaks for itself, and Defendants deny any and all allegations inconsistent with such terms.

59.     Answering paragraph 59 of the Complaint, Defendants affirmatively allege that the jury's verdict form speaks for itself, and Defendants deny any and all allegations inconsistent with such terms.

60.     Answering paragraph 60 of the Complaint, Defendants affirmatively allege that the jury's verdict form speaks for itself, and Defendants deny any and all allegations inconsistent with such terms.

61.     Admitted.

62.     Answering paragraph 62 of the Complaint, Defendants admit only that Plaintiff has paid some, but not all, of the defense fees and costs incurred by certain of the Defendants in the SAFE Litigation, and that Plaintiff's defense was provided under a reservation of rights.

63.     Denied.

## CLAIM FOR RELIEF (DECLARATORY JUDGMENT)

64.     Defendants repeat and incorporate by reference its answers to the preceding paragraphs of the Complaint as if fully set forth herein.

65.     Admitted.

66.     Paragraph 66 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

67.     Paragraph 67 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

68.     Paragraph 68 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

69.     Paragraph 69 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

70.     Paragraph 70 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

71.     Paragraph 71 of the Complaint contains only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief, including any relief sought in the Complaint, and instead requests that the Court dismiss Plaintiff's claims on the merits and with prejudice.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming the burden of proof.

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's prior material breaches of the Insurance Policies or other agreements between the parties.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, wavier, estoppel, laches, and/or other inequitable conduct.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because of the Plaintiff's breaches of its fiduciary duties to Defendants and/or its breaches of its covenants of good faith and fair dealing.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on settlement, release, and/or accord and satisfaction.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages, if any.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join one or more necessary and indispensable parties.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### RESERVATION

Defendants reserves the right to assert any other affirmative defenses and/or claims that may come to light during the course of discovery.

### PRAYER

WHEREFORE, Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice and upon the merits, that Defendants be awarded their costs and attorneys' fees incurred in defending this action as provided for by contract or law, and for such other and further relief as the Court may deem necessary, just and equitable under the circumstances.

### COUNTERCLAIM

Counterclaimants Alder Holdings, LLC, Alarm Protection Technology, LLC, Alarm Protection Technology Alaska, LLC, Alarm Protection Alaska, LLC, Alarm Protection, LLC, Alder Protection Holdings, LLC, Boerboel Protection, LLC, Alarm Protection Technology Holdings, LLC, Alarm Protection Alabama, LLC, Alarm Protection Technology Alabama, LLC,

Alarm Protection Arizona, LLC, Alarm Protection Technology Arizona, LLC, Alarm Protection Arkansas, LLC, Alarm Protection Technology Arkansas, LLC, Alarm Protection California, LLC, Alarm Protection Technology California, LLC, Alarm Protection Florida, LLC, Alarm Protection Technology Florida, LLC, Alarm Protection Georgia, LLC, Alarm Protection Technology Georgia, LLC, Alarm Protection Idaho, LLC, Alarm Protection Indiana, LLC, Alarm Protection Kentucky, LLC, Alarm Protection Technology Kentucky, LLC, Alarm Protection Mississippi, LLC, Alarm Protection Technology Mississippi, LLC, Alarm Protection Nevada, LLC, Alarm Protection Oklahoma, LLC, Alarm Protection Tennessee, LLC, Alarm Protection Technology Tennessee, LLC, Alarm Protection Texas, LLC, Alarm Protection Technology Texas, LLC, Alarm Protection Utah, LLC, Rhodesian Protection, LLC, and Adam Schanz (collectively "Counterclaimants") hereby counterclaim against Counterclaim Defendants Security America Risk Retention Group, Inc., Security America Risk Purchasing Group, LLC, Security America Reassurance Group, Inc., and Roes 1–10 (collectively, the "Counterclaim Defendants").

Counterclaimants incorporate by this reference the Amended Counterclaim previously filed with the Court in the Amended Answer and Counterclaim dated October 18, 2018, ECF No. 24.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Defendants and Counterclaimants hereby demand a trial by jury of all issues triable of right by a jury. Defendants and Counterclaimants previously submitted the required jury fee.

DATED this 10th day of November 2020.

MITCHELL BARLOW & MANSFIELD, P.C.

/s/ *Andrew V. Collins*
J. Ryan Mitchell
Andrew V. Collins
*Attorneys for Defendants and Counterclaimants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 10th day of November 2018, I caused a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT FOR DECLARATORY RELIEF, COUNTERCLAIM, AND JURY DEMAND** to be filed via the Court's electronic filing system, which provides notice of the filing and effectuates service upon counsel of record.

/s/ *Andrew V. Collins*